IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-24049-KMM

PHILIP MORRIS USA, INC,

    Plaintiff,

vs.

ZHILIN JIANG, *et al.*,

    Defendants.

_____/

## ORDER GRANTING EX PARTE APPLICATION FOR ALTERNATE SERVICE

THIS CAUSE came before the Court upon Plaintiff's *Ex Parte* Motion for Alternate Service (ECF No. 21). UPON CONSIDERATION of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, the Court enters the following Order.

In an Order dated November 16, 2011 (ECF No. 11), this Court granted in part Plaintiff's Motion for a Temporary Restraining Order. The Order enjoined Defendants from, among other actions, continuing to manufacture, promote, and/or sell any product bearing the allegedly infringed trademark of Plaintiff Philip Morris. On November 21, 2011, at 10:30am, this Court conducted a hearing regarding Plaintiff's Motion for a Preliminary Injunction. At the hearing, this Court determined (1) the initial Temporary Restraining Order ("TRO") should be extended and the preliminary injunction hearing be continued to a later date to allow for additional time for the Defendants to receive notice of this action via all means provided in the initial Order Granting Plaintiff's Application for a Temporary Restraining Order, and (2) for the same reasons set forth in this Court's Order Granting Plaintiff's Motion for a Temporary Restraining Order,

1

"Schedule A" of that Order should be amended to reflect the addition of the subject domain "newport-cigarettes.net."

Plaintiff now argues that, despite Plaintiff's best efforts, Plaintiff has been unable to physically locate Defendants to effectuate service of process. According to Plaintiff, Defendants have intentionally concealed their location to thwart attempts to serve them. See Decl. of Huang Yu Ting (ECF No. 21-8), at ¶¶ 1–6. Plaintiff now seeks permission to serve the summons, Complaint, and all other current and future filings in this matter, upon Defendants via their known e-mail addresses. Federal Rule of Civil Procedure 4(f)(3) permits service at a place not within any judicial district of the United States by "other means not prohibited by international agreement, as the court orders." Having carefully considered the Matter, this Court finds that service via Defendants' known email addresses is not prohibited by any international agreement, and that good cause exists for granting Plaintiff's Motion.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's *Ex Parte* Motion for Alternate Service (ECF No. 21) is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff shall serve the Summons, Complaint, and all other current and future filings in this matter, upon Defendants via the e-mail addresses: 1394376540@qq.com, 1664536152@qq.com, 1668132581@qq.com, 737561273@qq.com, contact@privacyprotect.org, elicoco@qq.com, anniecig2011@hotmail.com, enjoy0711@gmail.com, lisacig@hotmail.com, lucycig@gmail.com, and mygodcigar@hotmail.com. It is further

ORDERED AND ADJUDGED that Plaintiff, in addition to serving copies of the complaint and summonses via email, shall, consistent with this Court's prior Order (ECF No.

11), effectuate service of process on Defendants via publication by posting a copy of the Complaint and Summonses on the Internet website appearing at the URL http://servingnotice.com/jiang/index.html.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record