IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-24049-KMM

PHILIP MORRIS USA INC,

       Plaintiff,

vs.

ZHILIN JIANG, *et al.*,

       Defendants.

_____/

## ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS CAUSE came before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation ("Plaintiff's Application for Preliminary Injunction") (ECF No. 7). The Court convened the hearing on December 12, 2011, at which only counsel for Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction. Defendants have not responded to Plaintiff's Application for Preliminary Injunction, nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. UPON CONSIDERATION of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**[1]

Plaintiff Philip Morris USA is the registered owner of numerous trademarks used in connection with the manufacture and distribution of cigarettes. Among these trademarks are

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1) and Plaintiff's Application for Preliminary Injunction (ECF No. 7).

1

trademarks associated with United States Patent and Trademark Office ("USPTO") No. 68,502, registered on April 14, 1908, and USPTO No. 938,510, registered on July 25, 1972 (collectively, "Philip Morris USA Marks"). Defendants are unknown individuals, residing in the People's Republic of China ("PRC"), who are believed to use, or assist others in using, the aliases "Lin Wenquan," "Li Xiaodong," "Xiao Zhang," "Asdf Asd," "Asdfaasd Dfsh," "Asdfaasd Dsh," "Asdfaasd Ja," and "Wang Guobing."

Recently Plaintiff became aware of the potential sale of counterfeit versions of Plaintiff's products by Defendants. This is alleged to have been accomplished by Defendants through the operation of commercial Internet websites operating under domain names such as marlborocigarette.biz, marlboro-gold.biz, and marlborowholesale.com.[2] In response to Defendants' alleged trademark infringement, Plaintiff retained Investigative Consultants, a licensed private investigative firm, to investigate the sale of counterfeit versions of Plaintiff's products by Defendants.

From September 2011 through October 2011, Brandon Tanori, an employee of Investigative Consultants, purchased a number of cigarettes bearing the Philip Morris USA Marks at issue via the various Internet websites operated by Defendants. See Decl. of Brandon Tanori (ECF No. 7-12), at ¶¶ 4–16. Tanori was able to purchase these cigarettes using either Western Union (with a Money Transfer Control Number provided by Defendants), or PayPal. Id. Upon his receipt of the purchased goods, Mr. Tanori forwarded the products to Philip Morris USA's representative, Sissy S. Sawyer, for physical inspection. Id. Ms. Sawyer personally examined each carton—and at least one pack of cigarettes from each carton—and determined that the cartons and packs of what appeared to be Marlboro cigarettes were in fact counterfeit.

---

[2] The complete list of websites includes nearly sixty domain names. For a complete list, see Schedule A of this Order.

See Decl. of Sissy S. Sawyer (ECF No. 7-2), at ¶¶ 16–17. Additionally, Ms. Sawyer reviewed and visually inspected the Internet websites operating under each of the Subject Domain Names, as well as pictures of items bearing the Philip Morris USA Marks offered for sale on the Internet websites, and determined that the products were not genuine and/or authorized Philip Morris USA products. Id.

On September 9, 2011, Plaintiff filed its Complaint (ECF No. 1) against Defendants for trademark counterfeiting and infringement, false designation of origin, and cybersquatting. On September 9, 2011, Plaintiff also filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation (ECF No. 7.) On November 16, 2011, this Court granted in part Plaintiff's Motion for a Temporary Restraining Order. The Order enjoined Defendants from, among other actions, continuing to manufacture, promote, and/or sell any product bearing the allegedly infringed trademark of Plaintiff Philip Morris. On November 18, 2011, Plaintiff filed its Motion to Add Domain Name to Plaintiff's *Ex Parte* Application, requesting the Court add the domain name newport-cigarettes.net to the Court's November 16, 2011 Temporary Restraining Order (ECF No. 16).

On November 21, 2011, at 10:30am, this Court conducted a hearing regarding Plaintiff's Motion for a Preliminary Injunction. At the hearing, this Court determined (1) the initial Temporary Restraining Order ("TRO") should be extended and the preliminary injunction hearing be continued to a later date to allow for additional time for the Defendants to receive notice of this action via all means provided in the initial Order Granting Plaintiff's Application for a Temporary Restraining Order, and (2) for the same reasons set forth in this Court's Order

3

Granting Plaintiff's Motion for a Temporary Restraining Order, "Schedule A" of that Order should be amended to reflect the addition of the subject domain "newport-cigarettes.net."

On December 5, 2011, Plaintiff filed its *Ex Parte* Application for Entry of an Order Authorizing Alternate Service of Process on Defendant (ECF No. 21). On December 6, 2011, the Court issued an Order Granting *Ex Parte* Relief for Alternative Service (ECF No. 22), authorizing Plaintiff to serve the Summons, Complaint, all other current and future filings in this matter, upon Defendants via e-mail, and via publication by posting a copy of the Complaint and Summons on the Internet website appearing at the URL http://servingnotice.com/jiang/index.html. Pursuant to the Court's Orders, Plaintiff properly served each Defendant with a copy of the *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation and supporting papers, the Court's Orders, the Summons and Complaint, and all filings in this matter via e-mail and publication. Thereafter, proofs of service were filed confirming service on each Defendant (ECF Nos. 13-15, 19-20, 23-2 6).

## II. LEGAL STANDARD

Plaintiff has filed claims pursuant to 15 U.S.C. §§ 1114(1)(a), 1125(a), and 1125(d). Title 15 U.S.C. section 1116(a) provides the Court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116. Injunctive relief is also available under section 1116(a) for a violation of section 1114(1)(a). See 15 U.S.C. § 1116(d)(1)(A).

In order to obtain a preliminary injunction, Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest." Levi Strauss & Co. v. Sunrise Int'l. Trading Inc., 51 F. 3d 982, 985 (11th Cir. 1995).

### III.  ANALYSIS

The declarations Plaintiff submitted in support of its Application for a preliminary injunction support the following conclusions of law:

1. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of cigarettes bearing counterfeits, reproductions, and/or colorable imitations of the Philip Morris USA Marks, and that the cigarettes Defendants are selling are copies of Plaintiff's cigarettes that bear copies of the Philip Morris USA Marks.

2. Because of the infringement of the Philip Morris USA Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.

    a. Through the operation of nearly sixty commercial Internet websites Defendants are operating Internet businesses which advertise, promote, offer for sale, and sell, cigarettes bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

    b. There is good cause to believe that more counterfeit and infringing cigarettes bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these cigarettes; and that Plaintiff may suffer loss of sales for its genuine cigarettes;

    c. Given the ease with which Defendants may transfer and/or redirect commercial activity from one Internet Domain Name to another, there is good cause to believe that unless the preliminary injunction is granted, Plaintiff's ability to obtain meaningful relief will be thwarted;

    d. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality products, if such relief is not issued; and

    e. The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and the public from being defrauded by the palming off of counterfeit products as genuine products of Plaintiff.

3. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of cigarettes bearing counterfeits and infringements of the Philip Morris USA Marks.

4. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 987 (11th Cir. 1995) (citing Fed. Trade Comm'n v. U.S. Oil and Gas Corp., 748 F.2d 1431, 1433–34 (11th Cir. 1984)).

5. In light of the inherently deceptive nature of the counterfeiting business, and Defendants' blatant violation of the federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Application for Preliminary Injunction (ECF No. 7) is GRANTED. It is further

ORDERED AND ADJUDGED that

1. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby restrained and enjoined, pending termination of this action:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Philip Morris USA Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Philip Morris USA Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Philip Morris USA Marks, or any confusingly similar trademarks.

2. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall, until the conclusion of this action, discontinue the use of the Philip Morris USA Marks or any confusingly similar trademarks, on or in connection with all Internet

websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;[3]

3. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall, until the conclusion of this action, discontinue the use of the Philip Morris USA Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

4. Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

5. The domain name Registrars for the Subject Domain Names are directed, to the extent it is not already done, to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

6. The Registrars and the top-level domain (TLD) Registries for the Subject Domain Names, upon receipt of this Preliminary Injunction shall, to the extent it is not already done, cause to be changed or change the registrar of record for the Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by Plaintiff have been or will be dismissed from this action, to a

---

[3] See Schedule A of this Order

holding account with the United States based Registrar, GoDaddy.com, Inc. GoDaddy.com, Inc. shall hold and/or continue to hold the registrations for the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc., upon receipt of this Order, shall, to the extent not already done, immediately update and/or not modify the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, from NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause and/or causes the domain names to resolve to the website where a copy of the Complaint, Summonses, Orders, and other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may, to the extent not already done, institute and/or maintain a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL"), http://servingnotice.com/jiang/index.html, whereon a copy of the Complaint, Summonses, Orders, and other documents on file in this action are displayed. The Subject Domain Names shall be placed and/or maintained on Lock status, preventing the modification or deletion of the domains by the registrar or Defendants;

7. Plaintiff may continue to enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

8. Each Defendant shall continue to preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall continue to take all steps

necessary to retrieve and preserve computer files relating to the use of any of the Subject Domain Names and that may have been deleted before the entry of this Order;

9. Upon receipt of notice of this Order, Western Union Financial Services, Inc. ("Western Union") shall divert and/or continue diverting all money transfers sent by United States consumers to: (1) Zhilin Jiang in Putian, China, with the date of birth and identification number provided by the recipient of MTCN 455-906-9491; (2) Haidong Huang in Putian, China, with the date of birth and identification number provided by the recipient of MTCN 853-673-9729; and (3) Haidong Huang in Putian, China, with the date of birth and identification number provided by the recipient of MTCN 9464580813, and continue to hold such transfers until it receives further direction from the Court;[4]

10. In the event any money transfers are diverted in accordance with Paragraph 9 of this Order, Western Union shall be permitted to inform consumers who may contact Western Union about the transfers that the transfers are being held pursuant to a Court Order in Philip Morris USA Inc. v. Jiang, entered by the United States District Court for the Southern District of Florida and that they may contact Plaintiff's counsel for additional information;

11. Western Union shall also, to the extent not already done, within five business days of receiving this Order, provide to Plaintiff's counsel records of all money transfers that have been paid to: (1) Zhilin Jiang in Putian, China, with the date of birth and identification number provided by the recipient of MTCN 455-906-9491; (2) Haidong Huang in Putian, China, with the date of birth and identification number provided by

---

[4] Western Union is licensed to do business in the State of Florida by the Florida Office of Financial Regulation and is therefore subject to personal jurisdiction in this Court

the recipient of MTCN 853-673-9729; and (3) Haidong Huang in Putian, China, with the date of birth and identification number provided by the recipient of MTCN 9464580813, as well as records of money transfers that have been diverted in accordance with Paragraph 9 of this Order. For any transfers that have been diverted in accordance with this Order, Plaintiff's counsel will respond to any consumer inquiries and will provide notice of the Order and the disposition of the transfers to any affected consumer;

12. Plaintiff shall maintain its bond in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

13. This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

DONE AND ORDERED in chambers in Miami, Florida, this ___ day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

1. cheapcigarettes-online.net
2. cheapmarlborocigarettes.org
3. cheappricecigarettes.com
4. cigarettesnewport.com
5. cigarettes-online.org
6. cigarettesonline.us
7. discountcamelcigarettes.com
8. discountscigarette.com
9. koolcigarettes.us
10. marlborocigarette.biz
11. marlborocigarettes.biz
12. marlboro-cigarettes.us
13. marlborocigarettescoupons.com
14. marlborocigarettesus.com
15. marlborogold.biz
16. marlboro-gold.biz
17. marlboro-gold.net
18. marlboro-gold.org
19. marlborogold.us
20. marlborogoldcigarettes.com
21. marlborolights.biz
22. marlboro-lights.biz
23. marlboro-lights.net
24. marlborolights.us
25. marlboro-lights.us
26. marlborored.org
27. marlbororedcigarettes.biz
28. marlbororedcigarettes.com
29. marlbororedcigarettes.net
30. marlbororedcigarettes.org
31. marlbororedcigarettes.us
32. marlborosale.com
33. marlboroskyline.biz
34. marlborowholesale.com
35. newport100s.biz
36. newport100s.com
37. newport100s.us
38. newportbox100s.biz
39. newportbox100s.com
40. newportbox100s.net
41. newportbox100s.org
42. newportbox100s.us
43. newportcigarette.net
44. newportcigaretteswebsite.biz
45. newportcigaretteswebsite.org
46. newportcigaretteswebsite.us
47. newportcigaretteswholesale.biz
48. newportcigaretteswholesale.com
49. newportcigaretteswholesale.us
50. newportmentholbox.biz
51. newportmentholbox.com
52. newportmentholbox.net
53. newportmentholbox.us
54. newportmentholcigarettes.com
55. newportregular.com
56. newportscigarettes.net
57. newportshort.com
58. uppermarlborocigarettes.com
59. newport-cigarettes.net